(No. 80-CV-0272—▇▇▇▇▇)

*In re* APPLICATION OF VITO AND HATTIE BRANDO.

*Order filed May 29, 1980.*

VITO AND HATTIE BRANDO, both *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

━━━━━━

PER CURIAM.

This claim arises out of an incident that occurred on September 3, 1979. Vito and Hattie Brando, parents of the deceased victim, George Edward Brando, seek compensation pursuant to the provisions of the Crime Vic-

tims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 3, 1979, the victim was shot by Mr. Nathan Landfair, who was known to him. The incident occurred when the victim was visiting Mr. Landfair at his residence located at 9129 S. Colfax, Chicago, Illinois. Mr. Landfair saw that the victim had a gun and asked him to leave. When he didn't leave, Mr. Landfair got his own gun and fired a warning shot. The victim then aimed his gun at Mr. Landfair, and Mr. Landfair shot him. The victim was dead on arrival at South Chicago Hospital. No charges were placed against Mr. Landfair.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his producing a gun and aiming it at Mr. Landfair before Mr. Landfair shot him.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.